Filed 3/18/22  Rosen v. Century Law Group CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| JONATHAN C. ROSEN,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>CENTURY LAW GROUP, LLP, et al.,<br><br>    Defendants and Respondents. | B306323<br><br>(Los Angeles County Super. Ct. No. BC650926) |

APPEAL from judgment of the Superior Court of Los Angeles County, Monica Bachner, Judge. Affirmed.

Brian D. McMahon and Chelsea Heaps for Plaintiff and Appellant.

Century Law Group, Karen A. Larson for Defendants and Respondents.

## INTRODUCTION

Plaintiff and appellant Jonathan Rosen (Rosen) sued Edward Lear (Lear) and his law firm, Century Law Group (CLG), for legal malpractice. After a bench trial, the trial court entered judgment in favor of Lear and CLG on the ground that Rosen's complaint was barred by the applicable one-year statute of limitations. (See Code Civ. Proc., § 340.6, subd. (a).)[1]

Rosen's sole contention on appeal is that his action was timely because the statute of limitations was tolled until Lear formally withdrew as his attorney of record. For the reasons discussed below, we reject this contention and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

In September 2015, Rosen retained Lear to defend him in a legal malpractice lawsuit (the underlying lawsuit).

On February 3, 2016, Rosen emailed Lear, stating: "Your billing practices are insane. [¶] Youre [sic] fired. [¶] Prepare my file asap and let me know when it is available for pick up." That same day, Lear replied: "Your file will be ready for pick up today. As you know, responses to discovery are due tomorrow."

On February 4, 2016, Rosen picked up his file and signed a substitution of attorney form. That same day, Rosen met with his new attorney, David Owen of Nemecek & Cole.

On February 8, 2016, Lear emailed Rosen advising him of pending dates in the underlying lawsuit. Lear confirmed: "In

---

[1]    All further undesignated statutory references are to the Code of Civil Procedure.

[2]    We limit our recitation of the facts to those relevant to the narrow issue on appeal.

light of your termination of my Firm's services, we are not authorized to act on your behalf with respect to these upcoming matters."

On February 9, 2019, in response to an email from Lear's assistant stating she "still need[ed] another signature on the [substitution of attorney form] so [she] can file" it, Rosen stated: "I have my new lawyer taking care of it."

On February 16, 2016, Rosen's new attorney filed the substitution of attorney form.

On February 16, 2017, Rosen filed a complaint for legal malpractice against Lear and CLG. Following a bench trial, the court issued a statement of decision. The court concluded: "Lear and CLG stopped being Rosen's counsel when Rosen fired Lear, retrieved his files and signed the substitution of counsel. Also, Lear and CLG ended all work by February 9, 2016. As such, Rosen is barred by the [one-year] statute of limitations from asserting a legal malpractice action against Lear and CLG."

The court entered judgment in favor of Lear and CLG. Rosen appealed from the judgment.

## DISCUSSION

"'The applicable statute of limitations for legal malpractice claims is section 340.6.' [Citation] It provides that a malpractice action must be commenced 'within one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the fact constituting the wrongful act or omission . . . .' (§ 340.6, subd. (a).) The running of the statute of limitations is tolled during the time that '[t]he attorney continues to represent the plaintiff regarding the specific subject matter in which the alleged wrongful act or omission occurred.' (*Id.,* subd. (a)(2); [citation.]) The tolling is referred to as the 'continuous

3

representation exception.' [Citation]." (*GoTek Energy, Inc. v. SoCal IP Law Group, LLP* (2016) 3 Cal.App.5th 1240, 1245-1246.)

Rosen does not argue he filed this action within one year of discovering Lear's alleged negligence as required under section 340.6. Rosen contends his complaint was nevertheless timely because the continuous representation exception applied until Lear formally withdrew as his attorney of record under the provisions of section 284.[3] Thus, he contends, the one-year statute of limitations did not begin to run until February 16, 2016 —the date Rosen's new attorney filed the substitution of attorney form. That is not the law, however. (See e.g. *Shapero v. Fliegel* (1987) 191 Cal.App.3d 842, 846-847 ["[T]he failure to formally withdraw as attorney of record, standing alone, will not toll the statue of limitations under the rubric of continued representation. ¶ . . . ¶ If the Legislature had intended the running of the statute of limitations in section 340.6 to be tolled by failure of an attorney to file a withdrawal . . . it could have said so"]; *Flake v. Neumiller & Beardslee* (2017) 9 Cal.App.5th 223, 230 ["[T]he formal act of withdrawing does not demarcate the end of the professional relationship in the context of the legal

---

[3]     Section 284 states: "The attorney in an action or special proceeding may be changed at any time before or after judgment or final determination, as follows: [¶] 1. Upon the consent of both client and attorney, filed with the clerk, or entered upon the minutes; [¶] 2. Upon the order of the court, upon the application of either client or attorney, after notice from one to the other."

malpractice statute of limitations"]; *Nguyen v. Ford* (2020) 49 Cal.App.5th 1, 13-14 [same].)[4]

Therefore, whether an attorney continues to represent a client for purposes of the continuous representation exception does not depend on whether the attorney formally withdrew from representation. Rather, "tolling under the continuous representation exception ends when ""a client has no *reasonable* expectation that the attorney will provide further legal services.' [citation]."'" (*Nguyen v. Ford, supra,* 49 Cal.App.5th at p. 14.) Here, as discussed above, it is undisputed Rosen fired Lear and CLG on February 3, 2016, and Rosen picked up his file from CLG and signed a substitution of attorney form the following day. It is also undisputed that as of February 9, 2016, Rosen's new attorney was performing substantive work on the case, and, according to Rosen, handling the filing of the substitution of attorney form. On this record, Rosen could not have reasonably believed Lear would continue to provide further legal services after February 9, 2016.

Accordingly, we conclude Rosen's complaint filed on February 16, 2017, more than one year after Lear and CLG ceased providing legal services to Rosen, is time-barred by section 340.6.

---

[4]     Rosen makes no attempt to distinguish these authorities. Nor does he argue the cases were wrongly decided.

## DISPOSITION

The judgment is affirmed. Lear and CLG are awarded their costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

CURREY, J.

We concur:

MANELLA, P.J.

COLLINS, J.

6